**Glenda G. GONZALEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 1:91CV 101.**

United States District Court, W.D. Michigan, S.D.

June 6, 1991.

James R. Rinck, Grand Rapids, Mich., for plaintiff.

John A. Wilson, Asst. U.S. Atty., John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

ROBERT HOLMES BELL, District Judge.

■ This is a social security action brought pursuant to 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services denying plaintiff's claim for disability insurance benefits (DIB). The matter is presently before the court upon cross-motions for summary judgment. When reviewing the granting or denial of social security benefits, this court is to determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary correctly applied the law. *See Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir.1990). Employing these standards, the court affirms the Secretary's decision.

At the time of the administrative hearing, plaintiff was forty-seven years old. She has a tenth-grade education, can read and write, and has had no vocational training. Her past relevant work (PRW) consists of being a factory worker, school cook, laundromat attendant, and grill cook. Plaintiff has not worked since June, 1986, at which time plaintiff and other employees at Johnson Technology went on strike.

Plaintiff's application for DIB alleges that plaintiff is disabled primarily because of carpal tunnel syndrome in both hands. In addition, plaintiff alleges that diabetes and low back pain contribute to her disability. The Secretary's administrative law judge (ALJ) evaluated this complaint pursuant to the sequential analysis found at 20 C.F.R. § 404.1520. The ALJ determined that plaintiff has severe impairments consisting of noninsulin-dependent diabetes mellitus, tendonitis of both hands, and low back pain, but does not have impairments which meet or equal the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ decided that plaintiff

can no longer perform her PRW, but retains the residual functional capacity (RFC) to perform sedentary work. Plaintiff's ability to perform a full range of sedentary work is reduced by her inability to use her hands in a repetitive fashion. The ALJ turned to a vocational expert (VE) to ascertain the existence of a significant number of jobs in the regional economy compatible with plaintiff's age, education, work experience, and restricted RFC. Relying on the VE's identification of a significant number of such jobs, the ALJ ruled that plaintiff is not disabled.

### Discussion

■ If plaintiff can no longer perform her PRW, the burden shifts to the Secretary to show the existence of a significant number of jobs in the regional economy that plaintiff can perform in light of her age, education, skills, and RFC. *Cole v. Secretary of Health and Human Services*, 820 F.2d 768, 771 (6th Cir.1987). Plaintiff makes only one challenge to the Secretary's findings: plaintiff claims that 36,000 is not a "significant number" of jobs. Because the court concludes that the Secretary carried his burden on this issue, the Secretary's decision is affirmed.

In making this determination, the court notes at the outset a factual error in the ALJ's findings. The ALJ enumerated 36,-000 jobs that were available to plaintiff (Tr. 15). This finding is not completely supported by the VE's testimony. The VE (assuming the existence of a worker with the same age, education and experience as plaintiff, whose RFC allowed sedentary work not requiring repetitive use of the hands) identified 28,000 jobs available in the Michigan economy (Tr. 68–70, 73). Further assuming only a minimal use of hands, the VE enumerated 15,000 jobs in the regional economy (Tr. 73). The ALJ therefore should have found 28,000 or 15,000 (not 36,000) jobs available. This error, however, is immaterial, as either number is "significant" within the meaning of 42 U.S.C. § 423(d)(2)(A).

■ Plaintiff's challenge to the Secretary's decision addresses the issue of what constitutes a "significant number" of jobs. Plaintiff claims that neither the 28,000 nor the 15,000 jobs enumerated by the VE represents a "significant number" because that number represents the number of jobs available in the *entire* State of Michigan. Plaintiff claims that the jobs are located too far away from her and that only a very small percentage are located in a nearby vicinity. In affirming an earlier decision of this court on the same issue, the Sixth Circuit expressly rejected plaintiff's position: "We believe it is clear that the term 'region' is flexible and that the Secretary did not err in considering the number of jobs existing in the entire State of Michigan.... The fact that the statute speaks in terms of work existing in the national economy and does not restrict the Secretary to consideration of work that exists in the immediate area of a claimant's residence gives the Secretary sufficient latitude to treat an entire state as the region to be considered." *Pollice v. Secretary of Health and Human Services*, 843 F.2d 1392 (6th Cir.1988). Plaintiff's focus on her immediate area, as opposed to the regional economy, is expressly foreclosed by the regulations. 20 C.F.R. § 404.1566.

In arguing for a contrary result, plaintiff points out that she lives in a remote rural area and that the jobs enumerated by the VE must be presumed to be spread out over the entire state, with most concentrated around Detroit. On the basis of population distribution, plaintiff estimates that less than one percent of the enumerated jobs would be located in her county. Relying on *Hall v. Bowen*, 837 F.2d 272 (6th Cir.1988), plaintiff argues that these geographic factors militate against a finding in the Secretary's favor.

Plaintiff's argument misapplies the holding of *Hall* in two major respects. First, *Hall* specifically rejected the kind of percentage analysis engaged in here by plaintiff. As the court pointed out, the Social Security Act speaks of significant "numbers" of jobs in the regional economy, without regard to local percentages. 837 F.2d at 275. Second, *Hall* does not purport to undermine the clear language of the regu-

lations, which direct an examination of the regional economy without regard to the availability of work in a particular immediate area. 20 C.F.R. § 404.1566. In listing a number of factors to be considered by the ALJ in determining the "significant number" issue, the *Hall* court was addressing the specific situation then before it—1,350 jobs distributed over the State of Ohio. *Id.* at 275. In the case of such a borderline number of total jobs, *Hall* requires consideration of a number of geographical factors in determining significance. In the case of 15,000 or 28,000 jobs, neither of which is borderline, no such analysis is required. The Sixth Circuit's more recent decisions, such as *Pollice*, make this clear.

If plaintiff's argument were accepted, the Secretary could virtually never carry his burden when a claimant lives in a sparsely populated rural area. Such a plaintiff could always argue, regardless of the absolute number of jobs found by the VE, that the vast majority of jobs exist in the metropolitan centers and are unavailable to remote rural dwellers. It is precisely for this reason that the regulations focus on the regional economy, regardless of the unavailability of work "in the immediate area in which you live." 20 C.F.R. § 404.-1566(a)(1).

The VE testified that, depending on assumptions, 15,000 to 28,000 jobs exist in the regional economy which an individual with plaintiff's unique characteristics can perform. Clearly, either number of jobs in a regional economy constitute "work which exists in significant numbers." 42 U.S.C. § 423(d)(2)(A); *see Pollice*, 843 F.2d 1392 (3,600 significant number of jobs); *Hall*, 837 F.2d at 275 (1,350 jobs in Ohio is a significant number). Accordingly, plaintiff's motion for summary judgment is denied. Defendant's motion is granted, and the complaint is dismissed.